

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 29, 1951

Hon. J. W. Wilson
County Attorney
Brooks County
Falfurrias, Texas

Dear Sir:

Opinion No. V-1360

Re: Maximum compensation
of the county officers
and their deputies and
clerks in Brooks County.

You have requested an opinion concerning the maximum compensation of the county officials of Brooks County and their deputies, assistants, and clerks.

Brooks County has a population, according to the 1950 Federal Census, of 9,195 inhabitants, and a property valuation of $19,134,800. Its county officials were compensated on a salary basis in 1948 and are now being compensated on a salary basis.

The salary of the County Commissioners is governed by Articles 2350 and 3912g, V.C.S. Att'y Gen. Op. V-1327 (1951). Article 2350 provides in part:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly instalments, at least one-half (1/2), and not exceeding three-fourths (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

". . .

"$10,000,001 and less than $12,000,000

not to exceed $2,200.00.   $12,000,001
and less than $20,000,000 not to exceed
$2,500.00."

Section 1 of Article 3912g provides:

"The Commissioners Court in each
county of this State is hereby author-
ized, when in their judgment the finan-
cial condition of the county and the needs
of the officer justify the increase, to
enter an order increasing the compensa-
tion of the precinct, county and district
officers, or either of them, in an addi-
tional amount not to exceed twenty-five
(25%) per cent of the sum allowed under
the law for the fiscal year of 1948, wheth-
er paid on fee or salary basis; provided,
however, the members of the Commissioners
Court may not raise the salaries of any
of such Commissioners Court under the
terms of this Act without raising the
salary of the remaining county officials
in like proportion."

Since Brooks County has a tax valuation
of $19,134,800 (1950 tax rolls), the maximum base
compensation allowed the county commissioners under
Article 2350 is $2,500.00.  Section 1 of Article
3912g authorizes an increase in compensation "not
to exceed twenty-five (25) percent of the sum al-
lowed under the law for the fiscal year of 1948."
Since Brooks County had a tax valuation in 1948
(1947 tax rolls) of $11,727,919.00, the maximum
allowed under the law to the county commissioners
in 1948 was $2,200.00.  Therefore, Article 3912g
authorizes an increase in compensation not to ex-
ceed $550.00 (25 per cent of $2,200.00).  In view
of the foregoing, it is our opinion that the maximum
salary that may be paid the county commissioners of
Brooks County during 1951 is $3,050.00 ($2,500.00
plus $550.00).

Section 1 of House Bill 265, Acts 52nd
Leg., R.S. 1951, ch. 391, p. 675 (Art. 3943e, V.C.S.)
provides:

"In each county of the State of Texas

having a population of less than twenty
thousand (20,000) inhabitants according
to the last preceding Federal Census,
where all the county officers are com-
pensated on a salary basis, the Commis-
sioners Court shall determine annually
the salary to be paid the county treasur-
er, provided that the annual salary to
be paid to the county treasurer shall not
be set at any sum less than One Thousand,
Eight Hundred Dollars ($1,800) per annum."

In view of the above quoted provisions,
the Commissioners' Court may set the salary of the
County Treasurer at any reasonable amount not less
than $1,800.00 per annum.  Att'y Gen. Op. V-1327
(1951).

Since Brooks County has a population of
less than 20,000 inhabitants and its county officers
were compensated on a salary basis in 1948 and are
now compensated on a salary basis, the salary of
the remaining county officials is governed by the
provisions of Articles 3912e-12 and 3912g, V.C.S.
Article 3912e-12 provides:

"In all counties of this State hav-
ing a population of less than twenty thous-
and (20,000), according to the last pre-
ceding Federal Census, and in which coun-
ties the Commissioners Courts have deter-
mined that the county officials shall be
compensated on a salary basis, such Com-
missioners Courts are authorized to fix
the salaries of county officials in such
counties, their deputies, clerks and as-
sistants.  Said compensation shall be paid
in monthly or semimonthly installments, as
said Court may determine.  Provided, how-
ever, that no salary fixed herein by such
Commissioners Court shall be in an amount
to exceed Five Thousand, Four Hundred Dol-
lars ($5,400) for the County Officers and
in an amount of Three Thousand, Six Hun-
dred Dollars ($3,600) for Deputies, Assist-
ants, and Clerks; provided, further that no
salary shall be set at a figure lower than
that paid for the Calendar Year 1946."

Under Article 3912e-12, county officials of Brooks County are entitled to a base compensation of not more than $5,400.00 per annum. Section 1 of Article 3912g, above quoted, authorizes an additional increase not to exceed twenty-five per cent of the sum allowed under the law for the fiscal year of 1948. The maximum sum allowed under the law to the county officials of Brooks County in 1948 was $5,400.00. Article 3912e-12. Therefore, Article 3912g authorizes an increase of not more than $1,350.00 (twenty-five per cent of $5,400.00). Therefore, the maximum compensation that may be paid the county officials of Brooks County is $6,750.00 ($5,400.00 plus $1,350.00). In addition to the compensation provided for in Articles 3912e-12 and 3912g, the tax assessor-collector is entitled to additional compensation provided for in Section 57 of Article 1436-1, V.P.C., as amended by Senate Bill 271, Acts 52nd Leg., R.S. 1951, ch. 368, p. 620. Att'y Gen. Ops. V-1294 (1951) and V-1327 (1951).

Article 3912e-12 authorizes the base salary of $3,600.00 for the deputies, assistants, and clerks. Section 2 of Article 3912g provides:

"The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the deputies, assistants and clerks of any district, county or precinct officer justify the increase, to enter an order increasing the compensation of any such deputy, assistant or clerk in an additional amount not to exceed thirty-five (35%) per cent of the sum allowed under the law for the fiscal year of 1948."

The sum allowed deputies, assistants, and clerks of the county officers in Brooks County, under the law in 1948, was $3,600.00. Article 3912e-12. Section 2 of Article 3912g, above quoted, authorizes an increase not to exceed $1,260 (35 per cent of $3,600). Therefore, the maximum salary that may be paid deputies, assistants, and clerks in Brooks County is $4,860 ($3,600 plus $1,260).

## SUMMARY

The maximum compensation of the County Commissioners of Brooks County is now $3,050. Arts. 2350 and 3912g, V.C.S.

The Commissioners' Court of Brooks County may set the salary of the County Treasurer at any reasonable sum not less than $1,800.00.  H.B. 265, Acts 52nd Leg., R.S. 1951, ch. 391, p. 675.

The maximum compensation that may be paid the remaining county officials of Brooks County is $6,750.   Arts. 3912e-12 and 3912g, V.C.S.  In addition to the compensation provided for in Articles 3912e-12 and 3912g, the tax assessor-collector is entitled to the compensation provided for in Section 57 of Article 1436-1, V.P.C., as amended by Senate Bill 271, Acts 52nd Leg., R.S. 1951, ch. 368, p. 620.

The maximum salary that may be paid to the deputies, assistants, and clerks is $4,860.  Arts. 3912e-12 and 3912g, V.C.S.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mh

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant